1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | RAMON DY,

12 |        Plaintiff,

13 |    v.

14 | LA PALMA CORRECTIONAL CENTER, et al.,

15

16 |        Defendants.

Case No. 1:16-cv-01448-SAB-PC

ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR DISTRICT OF ARIZONA

17

18       Plaintiff is a state prisoner proceeding in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 29, 2016. (ECF No. 1.) Plaintiff also filed a motion to

19

20 proceed in forma paupers pursuant to 28 U.S.C. § 1915 that same day. (ECF No. 2.)

21       Plaintiff names as defendants in this action medical staff who were employed the La

22 Palma Correctional Center in Eloy, Arizona. Plaintiff contends that at the time of the events at

23 issue, he was a prisoner of the State of California, but was housed at the La Palma Correctional

24 Center due to prison overcrowding. Plaintiff alleges deliberate indifference to his medical

25 condition while housed at that correctional center.

26       The federal venue statute requires that a civil action, other than one based on diversity

27 jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

28 defendants reside in the same state, (2) a judicial district in which a substantial part of the events

1

1    or omissions giving rise to the claim occurred, or a substantial part of the property that is the

2    subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

3    there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

4         As noted above, Plaintiff asserts a claim arising out of events that occurred at the La

5    Palma Correctional Center in Eloy, Arizona. Venue is not proper in this district because both

6    defendants and any witnesses reside in Arizona and all events relevant to this action occurred in

7    Arizona. See 28 U.S.C. § 1391(b). The La Palma Correctional Center is in Arizona, and venue

8    properly lies in that district, and not in this one. See 28 U.S.C. § 1391(b); 28 U.S.C. § 82.

9         Pursuant to 28 U.S.C. § 1406(a), when a case has been filed in the wrong district, the

10   "district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

11   division in which it could have been brought." Additionally Local Rule 120(f), provides that a

12   civil action which has not been commenced in the proper court may, on the court's own motion,

13   be transferred to the proper court.  Therefore, this action will be transferred to the District of

14   Arizona. This court will not rule on Plaintiff's request to proceed in forma pauperis.

15        Accordingly IT IS HEREBY ORDERED that:

16   1.      This action is this case is transferred to the United States District Court for the

17           District of Arizona; and

18   2.      This court has not ruled on Plaintiff's request to proceed in forma pauperis.

19

20   IT IS SO ORDERED.

21   Dated:   **November 9, 2016**   _____

                                     UNITED STATES MAGISTRATE JUDGE